IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------x
:
BENJAMIN ROBERTS                        :           3:12 CV 1222 (JAM)
:
v.                                      :
:
TRIPLANET PARTNERS, LLC ET AL.          :           DATE: MARCH 24, 2016
-------------------------------------------------------x

RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION (Dkt. #305)

Familiarity is presumed with the lengthy Order on Pending Motions, filed March 31, 2015 (Dkt. #276), by U.S. District Judge Jeffrey A. Meyer, 2015 WL 1471889, which entered a default judgment in favor of plaintiff and against both defendants Sophien Bennaceur and Imed Bennaceur as to Counts II, IV, VI, VII and VIII, in the amount of $8,136,222.60, and granted equitable relief in accordance with Count XI,[1] and with this Magistrate Judge's Order on Plaintiff's Motion for Examination of Judgment Debtor, filed February 19, 2016 (Dkt. #304)["February 2016 Order"]. On July 22, 2015, these two defendants filed their Notice of Appeal (Dkt. #290; see also Dkt. #293), and their writ of mandamus was denied by the Second Circuit on November 24, 2015. (Dkt. #301). The February 2016 Order concluded as follows:

> The request in the pending motion is a simple one – for this Court to schedule an Examination of Judgment Debtor ["EJD"], at which defendants are to produce copies of their federal income tax returns for 2013 and 2014, written responses to the Post-Judgment Interrogatories previously served upon them, a list of all bank and investment accounts in which either defendant holds an interest, and a copy of all bank account statements, from May 2014 to the present, for the Barclays Geneva account previously disclosed by defendant Imed Bennaceur. Such EJD will be held on April 4, 2016, at 10:00 a.m., in Courtroom 4, 141 Church Street, New Haven, Connecticut.

---

[1]Shortly thereafter, on June 24, 2015, Judge Meyer filed his Order and Clarification of Entry of Final Judgment (Dkt. #288), and on July 16, 2015, plaintiff filed a Partial Satisfaction of Judgment, showing that $35,036.76 had been paid toward the judgment (Dkt. #289).

(At 3)(internal citation & emphasis omitted).

On March 3, 2016, defendants filed the pending Motion for Reconsideration (Dkt. #305),[2] in which they are argue that the appeal before the Second Circuit is still pending (at 3-4), the question of whether a judgment has been entered is a matter that is before the Second Circuit and is awaiting a ruling from that court (at 4), the Second Circuit will determine whether this District Court has personal jurisdiction over defendants (at 5-6), and if the Second Circuit vacates the discovery sanction, plaintiff will not be entitled to the discovery he requested (at 6). Six days later, plaintiff filed his brief in opposition (Dkt. #306),[3] in which he argues that this District Court retains authority over post-judgment discovery in the absence of any stay having been entered (at 1-2, 8-13). Two weeks later, on March 23, 2016, defendants filed their reply brief (Dkt. #307),[4] in which they contend that by his declaration, defendant Imed Bennaceur has supplied the discovery requested and because he is currently residing in Tunisia, he should be allowed to testify by telephone or video conference instead of in person (at 1-2).

Defendants' Motion for Reconsideration (Dkt. #305) is <u>granted in limited part as</u>

---

[2]Attached is a declaration of defense counsel, dated March 3, 2016, with the following five exhibits: copy of defendants' appellate brief before the Second Circuit, in Dkt. No. 15-2326-cv, dated November 4, 2015 (Exh. A); copy of defendants' reply brief before the Second Circuit, dated February 16, 2016 (Exh. B); copy of the Second Circuit's Order, filed November 24, 2015 (Exh. C); copy of Stipulation and Order Settling Claim of Benjamin Roberts, in <u>In re Triplanet Partners, LLC</u>, Case No. 14-22643 (RDD), pending in the U.S. Bankruptcy Court for the Southern District of New York (Exh. D); and Escrow Agreement, dated June 18, 2015 (Exh. E).

[3]Two exhibits are attached: copy of the Second Circuit's Order, dated October 21, 2015, in Dkt. No. 15-2326 (Exh. 1); and copy of the Second Circuit's Order, dated March 2, 2016, in the same appeal (Exh. 2).

[4]Attached is a declaration of defendant Imed Bennaceur, dated March 23, 2016, with the following three exhibits: copies of defendant Imed Bennaceur's IRS Form 1040 for 2013 and 2014 (Exhs. A-B); and copy of his Barclays Statement of Account, dated October 1 to December 31, 2015 (Exh. C).

follows: As to the substantive issues, the motion is <u>denied for the reasons stated in plaintiff's brief in opposition, but the motion is granted in limited part to the extent that defendant Imed Bennaceur need not travel from Tunisia to Connecticut for the EJD scheduled on April 4, 2016; moreover,</u> **on or before March 29, 2016**, <u>plaintiff's counsel shall advise the Court and defense counsel in writing whether he is satisfied with the disclosure made in the exhibits to defendants' reply brief or whether he still wishes to proceed with an EJD by telephone or by video conference.</u>[5]

Dated at New Haven, Connecticut, this 24th day of March, 2016.

   /s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge

---

[5] If plaintiff still wishes to go forward with the EJD by telephone or video conference, the Court makes no promises that the EJD will still go forward on April 4, 2016. As talented as the Court's IT Department is, it generally needs at least one week's notice in order to set up any video conference, let alone a video conference in Tunisia.